My name is Alan Beismer. I'm CJ Appointed Counsel from Anchorage, Alaska for Christopher Lenier. Mr. Lenier is a 26-year-old young man who's currently serving his sentence at the Federal Medical Facility in Lexington, Kentucky. He was sentenced for three counts involving a gun offense, which is not before the court. Could you move the microphone up a little bit? There you go. Thank you. He was sentenced for a gun offense, which is not before the court, and two other counts, which were the subject of a motion by Mr. Lenier seeking a modification of his sentence. There's essentially two arguments or two issues before the court today. The first is whether or not Mr. Lenier has a right to bring this appeal, given his waiver of appellate rights that was part of his plea agreement entered into with the government. The plea agreement indicated that he would waive any appellate rights regarding his conviction and sentence or the right to collaterally attack his conviction or sentence. The government has argued that this waiver applies to his 3582 motion seeking a modification of his sentence. This court and most courts have said that such waivers have to be narrowly construed and they must be construed against the government. In a Tenth Circuit case, the United States versus Chavez, the court found that there were fundamental differences between a collateral attack on a sentence, which is something that occurred or challenging something that occurred at the sentencing versus a modification. Counsel, the problem I have with the argument is that the waiver language in the plea agreement itself specifically waived 3582 challenges. And it's either a 3582 or a, what's the other one? There's a 2472 or something. I forget the statutory provisions, but there are only two ways that you can get before us on a challenge to a sentence that's imposed in a criminal case, either on direct appeal or collateral. And if he has waived both of those statutory remedies, then how can we rule in his favor? Judge Tallman, I don't believe that he specifically waived a 3582 attack. Okay. Looking at page 14 of the government's excerpts, he waived his right to appeal his sentence pursuant to 3742. And he also knowingly and voluntarily agrees to waive his right to collaterally attack his conviction, judgment, or sentence, but it does not include any specific waiver pursuant to 3852 or any waiver of a request to modify his sentence. But I only know of two ways to attack a sentence. One is by direct appeal and the other is through a collateral attack. And which is this? This can't be a direct appeal because that time has long since run. So it must be a collateral attack, is it not? No. Other courts have drawn distinctions between a collateral attack, which again relates to circumstances that existed at the time of the sentencing, versus subsequent modifications. And so one way to bring the matter forward, which is separate from the two that you've indicated, would be a 3582 motion. Now, what Judge Singleton did was to hold that he didn't have jurisdiction under the sort of the crack resentencing statute. And so he said, I'm not going to resentence you because I can't, and I'm going to deny this as something outside of the jurisdiction. So what's being appealed here is not a sentence or a resentencing. It is a denial of jurisdiction, which seems to me not covered by the appeal waiver, because the appeal waiver says he knowingly and voluntarily waived his right contained in 3742 to appeal the sentence. He's not appealing his sentence, and he's not appealing a resentence. He's appealing Judge Singleton's decision that I don't have jurisdiction. Correct. Yeah. And what's the statutory authority to bring that appeal? I believe that the statutory authority is not disputed by either party, and I'm not sure just the general jurisdictional basis. So it would be a 1331 appeal? Is that what it would be? 1291, I think. 1291. 1291. Can you distinguish the Ninth Circus decision in United States versus Cruz-Mendoza, where we said that a Section 3582 motion constitutes a collateral attack on a defendant's sentence? I'm not familiar with that case, Your Honor. I apologize. We did say that. If you want to take a look at it later, it's at 147 F3rd 1069 at 1073. It's a 1998 decision. I guess it's a question of how broad you define collateral attack. I think that in most circumstances you're talking about a 2255 motion, again, attacking issues that existed at the time of the sentencing versus a modification, which is something that is prospective and nobody is. Counsel, I think your analysis, if we had a clean slate, is the right way to discuss it. However, I think Judge Tallman is right that there is that sentence in the Cruz case. I think as a three-judge panel, if that's precedential, then we would be bound by it, even if we like the Tenth Circuit reasoning better. So my analysis tells me we have to look at that sentence in Cruz and decide if it's a stray remark or dicta before we can look at the issue fresh. So maybe you could take a look at that case and then, in your rebuttal argument, address it, although you might not be able to read the case here. Why don't we do this? This looks like a ten-minute case, but it really isn't a ten-minute case. You've got three minutes left. Let's assume for the moment that we have jurisdiction to appear at the appeal. Could you address the merits? We're not going to cut you off short on the argument. We'll let you get the argument out. Okay. I understand. Well, the second issue, of course, is whether or not Mr. Lanier would benefit by or is able to come before court for a sentencing modification, regardless of the waiver. And because he had two counts, count one and count three, which were both at the same level, a level 20, his group defense was 22, and after acceptance it was down to 19. I think for purposes of analyzing whether or not he benefits by the CRAC amendment, you have to look at count one, which was his sentence for the CRAC. He would definitely, under the CRAC guideline amendment, have that charge reduced from a level 20 to a level 18. HICS stands for the proposition that the court is not bound by that two-level amendment. Judge Singleton, were he to have sentenced Mr. HICS, or whether Mr. Lanier came before him just for count one, there's no question, I don't believe, that he could have gone down to a level 14, a level 12, or whatever. And then it's purely advisory in any event. But the problem is, of course, that the ultimate guideline range, given the combination of counts one and three, remains the same. How do you deal with that problem? Well, the issue is whether or not Judge Singleton would have been able to find that, even with the reduction, it wasn't sufficient, and found that a level 12, a level 14, whatever, would have been more appropriate for Mr. Lanier's sentence. I think under Kimbrough and Spears. I think what I hear you saying is, at the time Mr. Lanier was sentenced, the guidelines were mandatory, right? Yes. And so grouping was mandatory. Yes. So you lose if the mandatory guideline principles still apply in this case. But I think what I hear you arguing is, in light of the sea change in sentencing law, they're no longer mandatory, and therefore, were he to be sentenced ad amicio today, Judge Singleton could do whatever he wanted to do, because the guidelines are only advisory. Have I fairly summarized your position? You have, but there's one issue that was not addressed, because it wasn't raised before Judge Singleton. I think that's one argument, and one argument certainly that I would make on behalf of Mr. Lanier. The other question, though, is since his count three was a guideline range of 20, that would not change because the amendment didn't apply to it. Well, that's the grouping problem, though. I think what you're asking us to do is to segregate the counts, and we can't do that. If we're going to follow the guidelines, the guidelines tell us that we have to group, and that's why I think the amendment 706 doesn't help Mr. Lanier, because he was sentenced for more than just a single count involving crack cocaine. But the crack cocaine was part of the determined guideline range, and so his sentence was based in part on the guideline that was changed. You've got an uphill fight, though, because every other circuit that's looked at this has basically said in the context of grouping and career criminal offenders, which we also have in later cases this morning, if the amendment doesn't result in a change to the overall sentence, then they don't meet 3582C2 because they don't meet the policy position of the commission. I'm certainly aware of the many cases that have addressed the career guideline offender. I'm not aware of any cases that have specifically addressed the grouping and whether or not they have, again, brought in Hicks in that context. Here, again, I think it's my argument that since the guideline has changed upon which the ultimate sentence was imposed, that being for the crack, Judge Singleton should have been allowed the discretion to find, even with the two-level reduction, he could depart further. But what you're arguing for, counsel, is a complete resentencing, and the case law is pretty clear that when the commission makes a retroactive adjustment to the guidelines, you don't get a complete resentencing on an open record. What you get is a limited reopening with regard to applying the commission's change. And the problem here is that if it's limited in the way that I think the law requires us to limit it, then Judge Singleton still doesn't have the authority to do what you're asking him to do. Again, it's an open question whether he would be able to come in and do a complete resentencing, including count three, or whether he could add... It's not the best case that it's an open sentencing, because every case that I read in preparation for this argument says that you don't get a complete resentencing. And Mr. Lanier is not necessarily asking for a complete resentencing. I thought you just said you were. Now you've got me highly confused. He would be seeking that if Judge Singleton were to found that he had that authority or discretion. What I'm arguing before this court is that if you look at just count one and find that Judge Singleton had the discretion to go even below the two levels, that would create more of a four-level difference. But that is a resent... I mean, what you're arguing for is a resentencing, counsel. That's not what the commission contemplates or what the case law addresses when we're dealing with the retroactive amendment. Well, it's really no different than what the court ruled in Hicks, though, as to count one, if you isolate that. I agree if you're going to... I understand your position. I just don't think there's any support. Let me ask you, just to make sure I understand how the pieces fit together here. We know what the guideline range was before the crack amendment. Yes. Is the guideline range, the ultimate guideline range, the same even after the amendment? After grouping? Yes. Yes. Yeah. And so what I'm looking at then is 3582. In the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the sentencing commission pursuant to... the question really then for me is, has the sentencing range been lowered and what is the sentencing range? And your argument is, well, here in context we're looking at the intermediate step, that is to say, specifically attached to the crack charge. But not the grouping. And I'm having trouble reading that. How do you tell me that the sentencing range in the statute is not referring to the ultimate sentencing range? Well, by taking a narrow view of it. Okay. If I don't hear from the government, then we'll give you a chance to respond. Thank you. Okay. Good morning, Your Honors. I'm Audrey Wrench and I'm an AUSA from the District of Alaska. And I'd like to pick up with how you left off with Mr. Beiswinger in terms of... gosh, now I just had a... oh, the sentencing guideline question. I don't think you can take a narrow view of the sentencing guideline because ultimately when you apply the sentencing guidelines, you don't get to the final sentencing range until you combine an offense level with a criminal history. The part that Mr. Beiswinger is asking you to consider hasn't become the part based on 2D1.1, the crack cocaine, doesn't enter into the sentencing guideline range, as you pointed out, Judge Fletcher. And it's because of the grouping, not grouping, that's a bad choice of word, the consideration of the two types of offenses here under 3D1.4, I think it is. And that's what makes this case different from a case that is exclusively based on the crack cocaine. Namely, you can't lower that sentencing guideline range unless the crack cocaine offense level has some bearing, unless it actually reduces the sentence. Now in this situation... Which is the sentencing range. Sentencing range, yes. In this situation, the offense level for the silencer was 20 and the crack cocaine was also 20. But in terms of considering the offenses and how they are ultimately resolved together, there's a four-level range. If, for example, the crack cocaine offense had been, say, a level 17, and the silencer had been a level 20, and Mr. Lanier had gotten the two levels for the crack cocaine, it had gone down to a level 15, then there would be a five-level difference between the two offenses and the additional two points wouldn't have been added, only an additional one point. So that ultimately, in that sense, I think it's possible for the crack cocaine to affect part of the sentence. But in this case, it just doesn't matter because of the silencer aspect. But as you say, ultimate sentencing arrangement remains the same both before and after the crack amendment. Correct. And under 3582, I don't get past that. Does 3582 continue to have kind of a literal meaning after Booker? Now that the sentencing range is discretionary or advisory, does that open it up to a district court to modify a sentence, even though the range itself hasn't been changed? I don't think it does, Your Honor. And the way that I sort of sort this all out is sentencing has to be finalized. It has to be a final decision, except in very rare circumstances. And one of the questions that has been raised repeatedly in this court is whether or not Booker affects the sentence of people who were sentenced before it. And this court in United States v. Cruz talked about how it's not retroactive. Booker is not retroactive. And I think if this court doesn't apply the specific directive in 3582, I think the result you wind up is that you're opening the door to make Booker retroactive, and then you get into an area where you're not doing it fairly because only certain people that happen to be involved with cocaine get to go back and do it. So I think it's really important to stick with the congressional directives and only go back in those narrow specific circumstances where the ultimate sentencing range has been lowered. So your analysis is the district court was correct in concluding he didn't have jurisdiction under 3582? I think Judge Singleton was correct, and I think he lamented that pretty clearly on the record. And how about the issue raised by Judge Tallman's question earlier, that is whether you get to that issue or whether the appeal is derailed at the start by the plea agreement? That is the issue whether the 3582 motion is a collateral attack, which he said he wouldn't make, and I guess I want to know whether you want us to follow that Cruz decision statement that Judge Tallman referred to, which I'm concerned is a dictum, but whether you want us to follow that and ignore the Tenth Circuit and create a circuit split, which the Supreme Court loves it when our court creates one. I just want to know what the government's position is on that. I'm somewhat embarrassed. You didn't read it either? No. And, you know, I think the framework that we were thinking of in terms of was that this was, in fact, that you had jurisdiction under 3742, so what we relied on was the language in our plea agreement that talks about a person waiving rights under 18 U.S.C. 3742 to appeal any aspect of the sentencing. So we weren't thinking of this in terms of a collateral attack. We were thinking of it in terms of an appeal. Well, maybe the solution then is that we don't have to reach that. You've only argued based on 3742. End of story. If you lose on that, we get to the merits, which you might win on. Well, except for one thing, and I'll put this argument out there, which is the one that we were standing behind and focused on in responding to the question that you sent out earlier to us, and that is the issue of whether or not Mr. Lanier could bring the 3582 motion was never raised in the district court. So whether or not the plea agreement precluded him by virtue of it being a collateral attack, I think there's some ambiguity about the language collateral attack. Certainly collateral attack is broader than just a 2255, but we weren't sure if this actually fit into the language of collateral attack, and apparently we missed the Cruz Mendoza case. So we were thinking of it in terms of an appeal, and because we didn't raise the issue in the lower court, it's precluded by virtue of this being an appeal of a sentence, any sentence under 3742, because that's why we thought you had jurisdiction to hear it. Well, an appeal is an appeal to us. A collateral attack is something in the district court, and you never argued in the district court that this was a forbidden collateral attack. Right. We didn't. I guess one of the concerns that I have is if we accept opposing counsel's suggestion that we go back and sort of reopen the whole thing, I don't remember whether this was applicable with regard to Mr. Lanier, but I think with regard to some of the other defendants in the follow-on cases this morning, there was a promise by the U.S. attorney to withhold the filing of an 851 petition, which would have resulted in a much higher sentence, and that was part of the consideration for the appellate waiver. Right. So what do we do in that case? Do we, in essence, send the whole thing back so the defendant can set aside the plea agreement and the government can then go ahead and file the 851 motion and the court can resentence if that's really what they want, a complete open sentencing? And I assume that we'll get to that. I'm doing that in the next argument. Well, then save that question for the next case. Let me ask a different question, which may relate, but it's kind of a practical question. It's very clear from Judge Singleton, who's been around a long time, both on the state court and now on the federal district court, that he's very uncomfortable with the length of the sentence for a first offender. He says, listen, if somebody's been around the block a couple of times, had a chance to rehabilitation, has failed, and so on, that's different. But this is the first time for him, as Judge Singleton, in my view, long-held, considered opinion for many years as both state judge and now federal judge, is that this is simply too long. Are you comfortable with the length of the sentence? This is a different question from a legal question as to whether or not you're entitled to keep it. I understand it's a different question. I think the law doesn't allow us to get to that question. Even if I'm uncomfortable with it, even though Judge Singleton's uncomfortable with it? It allows you at some point, maybe not now, it allows you at a charging point. I mean, there are lots of places in which you have a lot of control over the sentence. So I'm not asking just sort of what you're going to do about it, at least not right now, but I'm asking you just a free-form question. Are you comfortable with the length of the sentence for this person in this circumstance? I feel compelled to duck the direct question you're asking me because I think the premise upon which you've based it is different from my experience. You'll notice in the next case, the Frazier case, Mr. Frazier's been around the block. He's not a first offender. In fact, he was a career offender. My question is just – Judge Singleton also thought that that sentence was too high and he wanted to go below that. Yeah, but you're asking me the question about the next case. I'm asking about this case. Understood. I'm not asking you whether you agree with Judge Singleton on all things and on all occasions and all cases. Okay. I believe that the sentence was a fair one in this situation and that the guideline sentence that Mr. Frazier received was appropriate under the sentence. That's a Freudian slip. Mr. Frazier's the next case. Oh, did I say – Yeah, we're back with Mr. Lanier still. I'm sorry. For Mr. Lanier, I think that the sentence was an appropriate one even though he's a first offender, yes. Can you remind me, what is the statutory section that essentially cuts off the power of the district court to go back and revisit a sentence once it's been imposed? Interestingly enough, it's in 3582. That's what I thought. I was trying to find the language. Which subsection? You know, I don't have the full section, but in my brief I noted that it begins, the court may not modify a term of imprisonment – Yeah, it's 3582C. Once it has been imposed. And what we've got is within C that's an exception to that general principle. Yeah, yeah. Right. Right. C2. I have a question for both counsel, is whether we should issue an order that would permit a very succinct supplemental briefing on whether 3582C is a collateral attack that would let the parties address this remark in Cruz that Judge Tallman has given some weight to, but which I'm not giving much weight to right now. Would that both of you address it and tell us if we have to reach that issue? And if that issue isn't really on the table, you know, if you can tell us that's not an issue here, then we don't have to gratuitously make a split with the Tenth Circuit. I'd be delighted to do that, and I'm a bit uncomfortable having you decide it since we haven't really given you what you asked for in terms of the Cruz-Mendoza case, and I apologize for that. Well, we gave you a hint, but we didn't name the case. Sorry. The concern that I have is that we're going to start getting a whole bunch of these cases as you all work through the backlog of crack cocaine. I don't know if we'll call them remands or petitions, I guess would be the best way to describe them. And we need to get the law settled so that everybody knows whether you can or cannot bring these without regard to reaching the merits because of grouping or career criminal offenders. So it would be helpful to us if you could give us the benefit of your thoughts. I understand that, and I'd be more than happy to do that. And as I said, we get hung up and blinded by the whole perception of this as the waiver of the appeal. Okay. Thank you. Thank you. I suspect we're going to hear from you again in a few minutes. Response? Just briefly, Judge Golden, in response to your question, I mean, we're happy or I'd be happy to, with the benefit of having reviewed the case, make my argument. But, again, I don't believe that that's – what essentially the court would be holding is that anyone who, as part of their waiver, entered into a plea and waived any rights to collaterally attack, none of them would be able to benefit by any amendments to the guidelines. We're not just – I mean, the issue that we were sort of addressing is whether he could appeal that denial. But nobody has really addressed whether they can even file the motion. The problem, though, counsel, is that in the more serious cases, and Lanier may not be a very good example, but in the more serious cases where you are dealing with recidivist offenders and you have a situation where the government may have, during the plea negotiations, in order to get that waiver, given up the right to seek a recidivist enhancement that would have significantly increased the exposure of the defendant, the question is whether or not it's fair to allow the defendant to come back and reopen his side of the sentence but not allow the government to come back and reopen the enhancement that they were otherwise entitled to obtain under the law. I understand that. And in Mr. Lanier's plea agreement, it indicates that if he attempts to, I guess, seek a modification or to collaterally attack, the government can withdraw, and Mr. Lanier would like nothing more than to go back at stage one and be resentenced by Justice. I can understand why. Yeah, okay. Thank you. Thank both sides for a nice argument. We'll send out an order with respect to that case so you know precisely what the ground rules are. The case of United States v. Lanier is now submitted for decision.
judges: Fletcher, Gould, Tallman